## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT BARTMANN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| OPENLY, LLC and ROCK RIDGE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants Openly, LLC ("Openly) and Rock Ridge Insurance Company ("RRIC") (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove this case to the United States District Court for the Western District of Oklahoma. In support of removal, Defendants respectfully state as follows:

### I.    GENERAL

1.    This action is removable based on the Court's diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) because complete diversity of citizenship exists between Plaintiff and Defendants, and the amount-in-controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2.    Venue is appropriate in this Court and this Court embraces the district in which the state court action was pending.

3.    Plaintiff Robert Bartmann, ("Plaintiff") filed his Petition on July 3, 2025, against Defendants in the District Court of Custer County, Oklahoma, Case No. CJ-2025-75, styled *Robert Bartmann v. Openly, LLC and Rock Ridge Insurance*

*Company*. Plaintiff generally asserts claims for breach of contract and breach of the duty of good faith and fair dealing against both Defendants. (Exhibit 1).

4.    Plaintiff's Petition alleges, in paragraph 2, that Plaintiff is a resident and citizen of the State of Oklahoma. (*See* Exhibit 1, ¶ 2).

5.    On information and belief, Plaintiff is physically present, and intends to remain, in the state of Oklahoma, and thus, Plaintiff is domiciled in Oklahoma. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

6.    At the time of the filing of this action and at the present time, Openly was and is a foreign company, duly organized and existing under the laws of the State of Delaware and no other state, with its principal place of business in a state other than the State of Oklahoma; Openly is not a citizen of Oklahoma.

7.    At the time of the filing of this action and at the present time, RRIC was and is a foreign company, duly organized and existing under the laws of the State of Texas, with its principal place of business in a state other than the State of Oklahoma; RRIC is not a citizen of Oklahoma.

8.    Defendant Openly was served with process by certified mail to its registered agent Corporation Trust Company located in Wilmington, Delaware, on or about July 21, 2025. Undersigned counsel entered their appearances as counsel for Openly and filed an Answer on behalf of Openly on August 8, 2025.

9.    On or about August 13, 2025, undersigned counsel notified Plaintiff's counsel they would accept service on behalf of RRIC; thus, service thereon was

effectuated on August 13, 2025. Undersigned counsel entered their appearances as counsel for RRIC and filed an Answer on behalf of RRIC on August 29, 2025.

10.    The citizenship of the Plaintiff and Defendants existed at the time this suit commenced and, on information and belief, remains unchanged at the time of removal. Therefore, complete diversity of citizenship exists as required by 28 U.S.C. § 1332.

11.    The amount in controversy requirement is also met. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth in 28 U.S.C. § 1332(a). Plaintiff's Petition specifically states, in its "Wherefore" paragraph, that the "amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code." (Exhibit 1, page 4).

## II.    JURISDICTION

12.    Pursuant to 28 U.S.C. § 1446(a), the notice of removal need only contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In addition, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

13.    Because complete diversity of citizenship exists and because the amount placed in controversy by Plaintiff satisfies the jurisdictional requirements, Federal diversity jurisdiction exists under 28 U.S.C. §§ 1332.

### III.    PROCESS, PLEADINGS, TIMELINESS

14.    Plaintiff filed his state court Petition against Defendants Openly and RRIC on July 3, 2025. (Exhibit 1).

15.    Defendant Openly was served with process by certified mail to its registered agent for service of process on July 21, 2025. Defendant RRIC was served with process on August 13, 2025 via undersigned counsel's acceptance of service on behalf thereof. This Notice of Removal is therefore timely filed by Defendants under the provisions of 28 U.S.C. § 1446, as it is filed within thirty (30) days from the date RRIC received Plaintiff's initial state court pleading, and this action is removed under 28 U.S.C. § 1332.

16.    Written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal and supporting papers, will promptly be delivered to the Plaintiff and filed with the Clerk of the District Court of Custer County, State of Oklahoma, as required by 28 U.S.C. § 1446(d).

17.    To comply with 28 U.S.C. §1446(a), copies of all pleadings, orders, and processes filed with the state court are attached hereto as Exhibits, as follows:

    a.    **Exhibit 1**, Petition;

    b.    **Exhibit 2**, Entry of Appearance of Jonathan R. Ortwein on behalf of Plaintiff;

    c.    **Exhibit 3**, Summons Issue to Serve Defendants;

    d.    **Exhibit 4**, Summons Returned as to Defendant Openly;

    e.    **Exhibit 5**, Summons Returned as to Defendant RRIC;

    f.   **Exhibit 6**, Entry of Appearance of Patrick L. Hullum and Max G. West on behalf of Openly;

    g.   **Exhibit 7**, Openly's Answer and Affirmative Defenses;

    h.   **Exhibit 8**, Entry of Appearance of Patrick L. Hullum and Max G. West on behalf of RRIC; and

    i.   **Exhibit 9**, RRIC's Answer and Affirmative Defenses.

18.    Pursuant to LCvR 81.2(a), a copy of the state court docket sheet is attached hereto as **Exhibit 10**.

19.    Defendants will, pursuant to FED. R. CIV. P. 7.1, promptly file Corporate Disclosure Statements.

**WHEREFORE**, Defendants state that this action is properly removable and respectfully request that this action now pending before the District Court of Custer County, State of Oklahoma, be removed to this Court.

Dated: September 9th, 2025.

Respectfully submitted,

/s/*Max G. West*
Patrick L. Hullum, OBA No. 19838
Max G. West, OBA No. 34819
Phillips Murrah P.C.
424 NW 10th Street, Suite 300
Oklahoma City, OK 73103
Telephone: 405.235.4100
Facsimile: 405.235.4133
plhullum@phillipsmurrah.com
mgwest@phillipsmurrah.com
***ATTORNEYS FOR DEFENDANTS***
***OPENLY, LLC & ROCK RIDGE***
***INSURANCE COMPANY***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of September, 2025, I electronically transmitted the foregoing document to the Court Clerk using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following ECF registrants:

Jonathan R. Ortwein
Mansell & Engel
204 North Robinson Avenue, 21st Floor
Oklahoma City, OK 73102
Telephone: 405.232.4100
Facsimile: 405.232.4140
jortwein@meclaw.net
***ATTORNEYS FOR PLAINTIFF***

/s/*Max G. West*