# EXHIBIT 1

**IN THE DISTRICT COURT OF CUSTER COUNTY**
**STATE OF OKLAHOMA**

FILED
DISTRICT COURT
Custer County, Okla.

JUL -3 2025

STACI HUNTER
COURT CLERK

| | |
|---|---|
| ROBERT BARTMANN,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>OPENLY, LLC, and ROCK RIDGE<br>INSURANCE COMPANY,<br><br>　　　　　　　　Defendants. | Case No: CJ-2025-75<br><br><br><br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED** |

**PETITION**

COMES NOW, the Plaintiff Robert Bartmann for his cause of action against Defendants Openly, LLC ("Openly") and Rock Ridge Insurance Company ("RRIC"), allege and state:

1. At all times material hereto, Plaintiff was insured with Defendants Openly and/or RRIC, policy number BQ01-VNVPXQJ ("the Policy").

2. Plaintiff is a resident of Weatherford, Custer County, Oklahoma, and a citizen of the State of Oklahoma.

3. Plaintiff's home sustained wind and hail damage during a storm which occurred on July 7, 2023, while insured by Defendants Openly and/or RRIC (Claim No. (HO-2023-604838966).

4. The resulting damage was due to a covered cause of loss that occurred while Plaintiff was insured by Defendants Openly and/or RRIC.

5. Defendant Openly is a foreign limited liability company domiciled in the State of Delaware and maintains its principal place of business in a state other than Oklahoma. Openly is authorized to transact business within the State of Oklahoma and may be served with process through its designated service agent, Glen Mulready, Oklahoma Insurance Commissioner, 400 N.E. 50th St., Oklahoma City, OK 73105.

6. Defendant RRIC is a foreign limited liability company domiciled in the State of Texas and maintains its principal place of business in a state other than Oklahoma. RRIC is authorized to transact business within the State of Oklahoma and may be served with process through its designated service agent, Glen Mulready, Oklahoma Insurance Commissioner, 400 N.E. 50th St., Oklahoma City, OK 73105.

7. Plaintiff timely submitted a claim for this loss to Defendants Openly and/or RRIC, made the premises available for inspection by Defendants Openly and/or RRIC's adjusters, cooperated in the limited investigation that Defendants Openly and/or RRIC performed, and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

8. This Court has personal and subject matter jurisdiction for this matter and venue is proper in Custer County.

## COUNT I

Plaintiff fully incorporates each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein, and for his claims against Defendants Openly and/or RRIC, allege and states:

9. Defendants Openly and/or RRIC breached the subject insurance policy by wrongfully denying coverage and failing and refusing to pay the proper amounts due under the policy for the covered damage to Plaintiff's home.

10. Defendants Openly and/or RRIC breached the insurance contract and the implied covenant of good faith and fair dealing, as a matter of standard business practice, in the following respects:

   a. failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendants Openly and/or RRIC knew that Plaintiff was entitled to those benefits;

   b. failing to properly investigate Plaintiff's claim and to obtain additional information both in connection with the original refusal and following the receipt of additional information at request of Plaintiff's representatives;

2

c. withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

d. refusing to honor Plaintiff's claim in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e. refusing to honor Plaintiff's claim in some instances by applying restrictions not contained in the policy;

f. refusing to honor Plaintiff's claim in some instances by knowingly misconstruing and misapplying provisions of the policy;

g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claim arising under these policies, to include Plaintiff's claims;

h. not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

i. forcing Plaintiff, pursuant to its standard claims, to retain counsel in order to secure benefits Defendants Openly and/or RRIC knew were payable;

j. failing to properly evaluate any investigation that was performed;

k. refusing to consider the reasonable expectations of the insured;

l. underpaying policy benefits;

m. refusing to reasonably consider Plaintiff's claimed damages and scope of repair;

n. failing to advise Plaintiff of express provisions contained in the policy;

o. asserting a coverage position that denies Plaintiff's ability to begin repairs of his home;

p. underpaying claims by offering settlement without consideration of proper repair scope and technique for admittedly covered damage;

q. underpaying claims by offering settlement without consideration of availability of like kind and quality materials needed to repair admittedly covered damage and restore the property to its pre-loss condition;

r. refusing to consider evidence presented by Plaintiff regarding the cause of damage to the roof;

s. refusing to pay for appropriate repairs for the damage Openly/RRIC admit are covered and owed;

3

    t.  refusing to consider evidence of the property's pre-loss condition in determining scope of repair, and denying this claim;

    u.  ignoring Defendant Openly's and/or RRIC's own guidelines on proper adjustment of homeowner's claim; and,

    v.  ignoring weather data that demonstrates occurrence and severity of wind and hail at the location on the date of loss; and

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to Defendants Openly and/or RRIC.

11. Defendants Openly and/or RRIC's refusal to pay benefits was unreasonable under the circumstances because they failed to perform a proper investigation of the damage to the home and it failed to properly evaluate the limited investigation it did perform.

12. As a direct result of the above-described wrongful acts and omissions by Defendants Openly and/or RRIC, Plaintiffs suffered damages, including deprivation of monies rightfully belonging to him, anger, stress, worry, physical and emotional suffering, and has been damaged in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, exclusive of attorney's fees, costs, and interest.

13. The conduct of Defendants Openly and/or RRIC was intentional, willful, malicious, and in reckless disregard of Plaintiff's rights and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

**WHEREFORE**, Plaintiff Robert Bartmann prays for judgment against the Defendants Openly and/or Rock Ridge Insurance Company for his damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages in in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

MANSELL & ENGEL

By: _____
Jonathan R. Ortwein, OBA #32092
North Robinson, 21st Floor
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
E-mail:  jortwein@meclaw.net
**ATTORNEYS FOR PLAINTIFFS**

5